Weygandt, 0. J.
Under the provisions of rule XXIV of this court, a final reviewable order is presented by the dismissal of the appeal on questions of fact. Bradford et al., Admrs., v. Micklethwaite, ante, 301.
Several questions are presented by counsel, but the only one decided thus far by the Court of Appeals is whether this is a chancery case and hence appealable on questions of fact. That court held that this is not a chancery action and therefore not appealable on questions of fact. No opinion was written giving the reasoning of the Court of Appeals.
The sole question now before this court for a review is whether that decision is correct.
As stated by the appellants, the sole question here involved is whether a chancery case is presented by this action in the Court of Probate to remove trustees appointed by that court, the claim being that the interest of the trust demands such removal.
The appellee beneficiary filed her motion under favor of Section 2109.24, Revised Code, which provides numerous grounds for the removal of any such fiduciary by a Court of Probate.
Section 2101.24, Revised Code, provides:
“The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
In his opinion in the frequently cited case of Wagner v. Armstrong, 93 Ohio St., 443, 113 N. E., 397, Nichols, C. J., made the following comment:
*595 “This much, however, may safely be.said. A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law. And the proper definition of the term in our new Constitution can not be regarded as affected by the provisions of statutes relating to appeals nor by the introduction bodily of equitable remedies into our statutes.”
In 54 American Jurisprudence, 440, Section 565, appears the following general comment concerning the fundamental principle here involved:
.“It may be stated broadly that courts of equity always have jurisdiction of the subject matter in a case in which there is an element of trust. Such courts have original, general, and inherent jurisdiction of trusts, and of suits to establish the existence, to protect, or to compel the performance of a trust; to protect cestuis que trust; or for relief or. damages from a violation of the trust. Such court has jurisdiction of a suit or proceeding to appoint, remove,' or substitute a trustee, or of a suit or proceeding otherwise involving trusts or trustees, whether the trust is express or by operation of law — constructive or resulting.”
In his opinion in the case of Landis et al., Exrs., v. Wooden, 1 Ohio St., 160, Ranney, J., made the following comment:
“It is suggested that the trustees in this case should be changed. The papers present no reason why this court should interfere with the appointment made by the testator himself. If, for any reason hereafter, the trust shall not be faithfully executed, the court of chancery in the county will possess full power to remedy the defect so as to carry into full effect the inten *596 tion of the testator; for no trust can fail for want of a trustee.”
In 3 Bogert on Trusts and Trustees, 270, Section 519, this principle is stated as follows:
“In the absence of provisions to the contrary either in statutes of the jurisdiction or in the trust instrument, the power so to remove a trustee rests exclusively in the chancery court. It is one of the powers derived from the historic jurisdiction of. equity to enforce the performance of trusts. It exists without statutory or constitutional authorization and even in spite of attempts in the trust instrument to invest the trustee with uncontrolled discretion subject to no accountability to any court.”
In 40 Ohio Jurisprudence, 210, Section 62, the rule is summarized as follows:
“It is a rule that the removal of a trustee is within the jurisdiction of the court of equity. By statute this power has been given to the Probate Court with respect to fiduciaries which are within its jurisdiction. Testamentary trusts are within the jurisdiction of this court * *
Hence, it is apparent that matters relating to trusts are peculiarly and inherently chancery in their nature.
The Court of Appeals was in error in holding that the instant action is not one in chancery and hence is not appealable to that court on questions of fact. The judgment is reversed and the cause is remanded to that court for a hearing on questions of fact as well as questions of law.

Judgment reversed and cause remanded.

Hart, Zimmerman and Bell, JJ., concur.
Matthias, Stewart and Taft, JJ., dissent only for the reasons stated in the dissenting opinion in the case of Bradford et al., Admrs., v. Micklethwaite, ante, 301.